```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**NORMA JEAN FELLURE**

    Plaintiff

v.                                         Civil Action No.: 2:05-0214

**THE EQUITABLE VARIABLE**
**LIFE INSURANCE COMPANY,**
**EQUITABLE LIFE ASSURANCE**
**SOCIETY OF THE UNITED STATES;**
**AXA ADVISORS, LLC;**
**FRED ELLIS, et al.**

    **Defendants**

## MEMORANDUM ORDER AND OPINION

Pending before the court is the motion of defendants AXA Adivsors and AXA Equitable Life Insurance Company (collectively AXA), filed April 22, 2005, seeking leave of the court to conduct jurisdictional discovery in response to the motion of plaintiff Norma Jean Fellure to remand. AXA seeks discovery to show that the non-diverse defendant, Fred Ellis, was fraudulently joined and that the action against him is time barred.

In support of this motion, AXA represents that the discovery sought "would assist the Court in making a fully informed decision as to whether the resident Defendants have been

fraudulently joined."[1]  Def.s' Mot. at p. 2, ¶ 5.  AXA seeks leave to obtain documents and a deposition from the plaintiff.  Def.s' Mem. Supp. Mot. at p. 2.  According to AXA, this discovery is necessary to factually disprove plaintiff's allegations or, in the alternative, to demonstrate that plaintiff's claims are time barred.  Id.  AXA further contends that:

> The Complaint filed in this action asserts many boilerplate allegations against resident Defendants, with little detail to flesh out the very serious allegations of breach of fiduciary duties, misrepresentation and negligence.  In particular, Plaintiff makes no specific allegations as to any specific acts of individual wrongdoing.

Id. at p. 4.

The standard to show fraudulent joinder is well-established in this circuit.  In order to do so, the removing defendants must demonstrate (1) that there is no possibility that plaintiff can establish a cause of action against Ellis, or (2) that "there was outright fraud in the plaintiff's pleading of jurisdictional facts."  Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993) (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)).

---

[1]Although plaintiff has identified certain unknown defendants announcing them by use of a letter, Fred Ellis is the only defendant whose residency is identified in the complaint as being in West Virginia.

The burden of demonstrating fraudulent joinder is heavy.  Id.  AXA must show that plaintiff cannot establish a claim against Ellis even after resolving all issues of fact and law in the plaintiff's favor.  Id. at 232-33 (citing Poulos v. NAAS Foods, Inc., 959 F.2d 69, 73 (7th Cir. 1992)); see also Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999).  Moreover, "[a] claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted."  Marshall, 6 F.3d at 233 (citing 14A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3723, at 253-54 (2d ed 1987)).  The standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P, 12(b)(6)" and, indeed, if the plaintiff demonstrates even a "glimmer of hope" for relief, the jurisdictional inquiry must end.  Hartley, 187 F.3d at 424-26.

Although typically the propriety of removal is determined from the face of a plaintiff's complaint, the Fourth Circuit has held in the context of fraudulent joinder that "the court is not bound by the allegations of the pleadings, but may instead 'consider the entire record, and determine the basis of joinder by any means available.'"  Aids Counseling & Testing Centers v. Group W Television, Inc., 903 F.2d 1000, 1003 (4th

Cir. 1990) (quoting <u>Dodd v. Fawcett Publications, Inc.</u>, 329 F.2d 82, 85 (10th Cir. 1964)).  Under Fourth Circuit authority, a district court may, in that court's discretion, pierce the pleadings to determine the issue of fraudulent joinder.  <u>Id.</u>  However, this discretion is restricted by the Fourth Circuit's recognition in <u>Hartley</u> that:

> a jurisdictional inquiry is not the appropriate stage of litigation to resolve these various uncertain questions of law and fact. . . .  Jurisdictional rules direct judicial traffic.  They function to steer litigation to the proper forum with a minimum of preliminary fuss.  The best way to advance this objective is to accept the parties joined on the face of the complaint unless joinder is clearly improper.  To permit extensive litigation of the merits of a case while determining jurisdiction thwarts the purpose of jurisdictional rules.

187 F.3d at 425.  While it may be one thing for the court to look beyond the plaintiff's complaint to consider affidavits, deposition testimony, documents, statutes or judgments that serve as a basis to preclude a claim against a non-diverse party because those "jurisdictional facts" conclusively define that party's status with respect to an action, it is something altogether different to permit the defendant here leave to conduct affirmative discovery for the purpose of validating a removal by challenging the merits of plaintiff's claims against Ellis.  <u>Christensen v. Phillip Morris, Inc.</u>, 198 F. Supp.2d 713, 715 (D. Maryland 2002); <u>see</u> <u>also</u> <u>Well's Dairy, Inc. v. American</u>

Indus. Refrigeration, Inc., 157 F.Supp.2d 1018, 1036-38 (N.D. Iowa 2001) (noting that, while jurisdictional discovery may be available to define the status of a party to an action, discovery is typically not available to reach the merits of the claims). Either the plaintiff has the possibility of a claim against Ellis or she does not based on the record available at the time of removal. The court finds that the jurisdictional discovery sought should not be permitted.

For these reasons, it is accordingly ORDERED that:

1. The motion of defendants AXA Adivsors and AXA Equitable Life Insurance Company seeking leave of the court for jurisdictional discovery be, and it hereby is, denied.

2. The defendants AXA Adivsors and AXA Equitable Life Insurance Company are directed to respond to plaintiff's motion to remand by July 6, 2005, with any reply by plaintiff due by July 15, 2005.

The Clerk is directed to forward copies of this written opinion to all counsel of record.

DATED: June 21, 2005

John T. Copenhaver, Jr.
United States District Judge