UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**NORMA JEAN FELLURE**

    Plaintiff

v.                                 Civil Action No.: 2:05-0214

**THE EQUITABLE VARIABLE
LIFE INSURANCE COMPANY,
EQUITABLE LIFE ASSURANCE
SOCIETY OF THE UNITED STATES;
AXA ADVISORS, LLC; and
FRED ELLIS**

    Defendants

MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's motion, filed April 12, 2005, seeking to remand this case to the Circuit Court of Kanawha County.

I.

On January 26, 2005, Norma Jean Fellure instituted this action in the Circuit Court of Kanawha County, West Virginia against the named defendants, The Equitable Variable Life Insurance Company, Equitable Life Assurance Society of the United States, and AXA Advisors, LLC, citizens of New York ("Equitable"), and its agent Fred Ellis ("Ellis"), a resident of

1

West Virginia.[1]

According to the complaint, in or around January 1993, Fellure purchased a whole life insurance policy issued by Equitable. Compl. at ¶ 5. At the time Fellure purchased the policy, Ellis represented to her that she would only have to make premium payments out of pocket on the policy for eleven (11) years, after which the cash value buildup in the policy would pay the premiums for the life of the policy. Id. at ¶ 6. After making payments for 11 years, Fellure contacted Equitable and was informed she would have to make payments for another five years. Id. Fellure contends she was fraudulently induced by Ellis into purchasing what was a "vanishing premium" life insurance policy from Equitable, and that Ellis and Equitable fraudulently concealed information concerning the vanishing premium concept. Id. at ¶¶ 9, 13. Furthermore, Fellure asserts that Ellis is individually liable for misrepresenting an insurance policy under the West Virginia Unfair Trade Practices Act, W. Va. Code § 33-11-4(1)(a)-(c). Id. at ¶ 11. Fellure contends she is entitled

---

[1]Equitable notes in its response to plaintiff's motion to remand that, as of January 1, 1997, Equitable Variable Life Insurance Company was merged into the The Equitable Life Assurance Society of the United States and ceased to exist as a separate entity. Equitable further notes that on September 7, 2004, Equitable officially changed its name to AXA Equitable Life Insurance Company pursuant to New York Insurance Law.

to recover for breach of fiduciary duty, misrepresentation, suppression, negligence, negligent supervision, unjust enrichment, and violation of the West Virginia Consumer Credit and Protection Act, § 46(a)-6-104, et. seq. Id. at ¶ 17-48.

On March 11, 2005, Equitable filed a notice of removal arguing that Ellis, a resident of West Virginia, had been fraudulently joined in an attempt to defeat diversity jurisdiction.[2]  Equitable argues that fraudulent joinder can be established as all of the claims against Ellis are time barred so that there is no legally sufficient claim against Ellis.  Fellure filed a motion to remand on April 11, 2005.

In her remand motion, Fellure asserts that (1) Ellis may be held liable in his individual capacity for his own torts, and (2) the statute of limitations does not bar the claims under the discovery rule.

In their response, Equitable and Ellis again insist that the statute of limitations bars the claims against Ellis. Also, addressing the liability of Ellis, Equitable and Ellis contend Ellis cannot be personally liable under any theory.

---

[2]Ellis did not join in this notice of removal until May 18, 2005; however, Fellure has made no allegations regarding any defects in the removal procedure.

II.

In order to establish fraudulent joinder where there is no allegation of outright fraud in the plaintiff's pleading of jurisdictional facts, the removing defendants must demonstrate that there is no possibility that the plaintiffs "'would be able to establish a cause of action against the in-state defendant in state court.'"  Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993) (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)).  The burden of demonstrating fraudulent joinder is heavy.  Id.  The defendants must show that plaintiff cannot establish a claim against the non-diverse defendant even after resolving all issues of fact and law in the plaintiff's favor.  Id. at 232-33 (citing Poulos v. NAAS Foods, Inc., 959 F.2d 69, 73 (7th Cir. 1992)); see also Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999); Carriere v. Sears, Roebuck and Co., 893 F.2d 98, 100 (5th Cir. 1990) (holding that a party will be deemed fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned).  Moreover, "[a] claim need not ultimately succeed to

defeat removal; only a possibility of a right to relief need be asserted." Marshall, 6 F.3d at 233 (citing 14A Charles A. Wright et al., Federal Practice & Procedure § 3723, at 253-254 (1985)). The standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."

At bottom, a plaintiff need only demonstrate a "glimmer of hope" in order to have his claims remanded:

> In all events, a jurisdictional inquiry is not the appropriate stage of litigation to resolve . . . various uncertain questions of law and fact. Allowing joinder of the public defendants is proper . . . because courts should minimize threshold litigation over jurisdiction. Jurisdictional rules direct judicial traffic. They function to steer litigation to the proper forum with a minimum of preliminary fuss. The best way to advance this objective is to accept the parties [as] joined . . . unless joinder is clearly improper. To permit extensive litigation of the merits of a case while determining jurisdiction thwarts the purpose of jurisdictional rules.

III.

The court is unpersuaded by the defendants' argument that Fellure's claims against Ellis fail under the statute of limitations. Where the application of the statute of limitations is factually difficult to determine, the doctrine of fraudulent joinder, insofar as it is sought to be invoked on the ground that

5

a claim is barred by the passage of time, is not applicable. <u>Riverdale Baptist Church v. Certainteed</u>, 349 F. Supp.2d 943, 949 (D.Md. 2004).  Here, Fellure has pled that the time for filing her causes of action should be tolled by application of the discovery rule.[3]  Absent exceptional circumstances not present here, West Virginia commits questions concerning the tolling of statutes of limitations to the jury.  <u>Sewell v. Gregory</u>, 371 S.E.2d 82 (W. Va. 1988).

      Defendants' contention that Fellure has not stated a cause of action against Ellis is similarly without merit.  The West Virginia Supreme Court of Appeals has held that an implied right of private action exists under the West Virginia Unfair Trade Practices Act, W. Va. Code §§ 33-11-1, <u>et</u> <u>seq.</u>  <u>Morton v. Amos-Lee Secs., Inc.</u>, 466 S.E.2d 542, Syl. Pt. 1 (W. Va. 1995). The Act provides that "no person shall engage in this state in any trade practice which is defined in this article as . . .an unfair or deceptive act or practice in the business of

---

[3]**Paragraph 14 of Fellure's complaint reads, "It would be virtually impossible for Plaintiff to discover all the facts concerning the deceptive nature of the Defendants' vanishing premium sales concept and illustrations because this information is in the exclusive possession and control of Defendants. Plaintiff could not reasonably have discovered the fraudulent conduct on the part of defendants until well within the applicable statute of limitations."**

insurance." W. Va. Code § 33-11-3. Consistent with the language of the statute, in Taylor v. Nationwide Mut. Ins. Co., 589 S.E.2d. 55 (W. Va. 2003), the court found that a claims adjuster was a "person" within the meaning of the Act and could be held personally liable for violations thereunder. Id. at 61. The court finds that Fellure may possibly state a claim against Ellis, as an agent of the insurer, under that Act.

Having made the foregoing determinations, the court finds it unnecessary to consider the viability of Fellure's other claims against Ellis.

## IV.

For the reasons stated, it is, accordingly, ORDERED that plaintiff's motion to remand be, and it hereby is, granted.

The Clerk is directed to forward copies of this order to counsel of record and to the Clerk of the Circuit Court of Kanawha County, West Virginia.

DATED: November 21, 2005

John T. Copenhaver, Jr.
United States District Judge